KANE *v.* WHITTICK, 8 Wend. 219, 247.

### Dismissal of Appeal.

THIS was an appeal from a *decretal* order of the Chancellor, in a case where a bill was filed charging a *deed* conveying lands, *absolute on its face*, to be a mortgage, and claiming to redeem, &c. The *decretal order* appealed from, adjudged the deed to be a mortgage, and referred it to a master to take and state an account, &c. The defendant's appeal was not brought as from an interlocutory order, within fifteen days, but he treated the order as a final decree, and brought appeal after the expiration of the time limited to appeal from an interlocutory order. On motion to dismiss the appeal,

The Court of Errors held, that such an order of reference was not a final order or decree within the meaning of the statute limiting appeals; and the appellant not having brought his appeal within the time limited by statute to prosecute it, the appeal was accordingly dismissed.

The court held also that if in such case, on the coming in of the master's report, the defendant suffers a decree confirming the report and awarding execution, for the amount certified to be due, to pass against him *by default*, and then files an appeal, as well from the order adjudging the deed to be

a mortgage, as from the decree confirming the master's report, and awarding execution, the appeal will not lie, and will be *dismissed*, it being in operation as to the first order, because not made within fifteen days, and as to the second because permitted to be entered by *default*.

Appeal dismissed, 15 to 7.

☞ It was questioned in this case, whether even if the master's report had been excepted to, and its confirmation opposed on the final hearing; the appeal from the final decree would have opened for consideration the *previous order* adjudging the deed to be a mortgage; no such connection existing between the last decree and the order as necessarily to involve the consideration of the previous order; but see *Jaques* v. *The Methodist Episcopal Church*, 17 J. R., 548, where it is held that all prior orders and decrees, in any way connected with the merits, are opened for the consideration of the Court of Errors.

It was also *doubted*, whether a party who had submitted to and acted under an order of reference, declaring the principles upon which it should be conducted, would not, on that ground, be estopped, on an appeal from the final decree, from calling in question the correctness of such previous order.

[Sutherland, J., in the course of his opinion, seeks to explain what was said by him in the case of *Atkinson* v. *Manks*, 1 Cow. 691, by saying that there was an appeal from the *order* in that case, as well as the *final decree*. It is true that in the case of *Bank of Orange County* v. *Fink*, Chancellor Walworth held that on an appeal from a final decree, the merits of an interlocutory decree can not be inquired into: but this seems so incompatible with the well settled principle, that a Court of Appeals will make such a decree on the whole merits, as the court below should have done, that neither that case or that of *Mapes* v. *Coffin*, 5 Paige, 296, were generally acquiesced in by the profession.]

The propriety of dismissing the appeal in *Kane* v. *Whittick*, is by no means intended to be called in question by these remarks.